No. 23-1360

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

MICHAEL SHIPTON,

*Plaintiff-Appellant*

—v.—

BALTIMORE GAS & ELECTRIC CO., EXELON CORPORATION, EXELON BUSINESS SERVICES COMPANY, LLC, MICHAEL GROSSCUP, EDWARD WOOLFORD, JEANNE STORCK, AND BINDU GROSS,

*Defendants-Appellees,*

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT COURT OF MARYLAND, Case No. 1:20-cv-01926-LKG

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF OF *AMICI CURIAE* NATIONAL INSTITUTE FOR WORKERS' RIGHTS, NATIONAL EMPLOYMENT LAWYERS ASSOCIATION AND A BETTER BALANCE SUPPORTING PLAINTIFF-APPELLANT**

Jason Solomon
NATIONAL INSTITUTE FOR WORKERS' RIGHTS
NATIONAL EMPLOYMENT LAWYERS ASSOCIATION
1800 Sutter Street, #210
Concord, CA 94520
(415) 303-1000
jsolomon@niwr.org


Erika Jacobsen White
JOSEPH, GREENWALD AND LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(240) 553-1217
ewhite@jgllaw.com


*Attorney for Amici Curiae*

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF OF *AMICI CURIAE*

*Amici curiae* NIWR, NELA, and A Better Balance respectfully move for leave under Federal Rules of Appellate Procedure 27 and 29, and Fourth Circuit Rule 29(a)(2) to file a supplemental brief to address issues raised by the panel on oral argument. All parties were notified of *amici*'s intent to file. Appellant's counsel consented to the filing. Appellees' counsel did not consent. Specifically, *amici* seek to address the difference between the FMLA and anti-discrimination statutes as reflected in the legislative history of the FMLA.

This issue was raised at oral argument by Judge Harris, *see* Oral Argument at 14:02, Michael Shipton v. Baltimore Gas and Electric Company (No. 23-1360)*,* https://www.ca4.uscourts.gov/OAarchive/mp3/23-1360-20240321.mp3 ("What in your view happens if someone is terminated… if the employer genuinely believed and reasonably believed that that misconduct took place…in any other civil rights statute that would be a valid defense to liability for the employer…but you think it wouldn't work that way under the FMLA?"), and was not addressed previously in the briefs of either party or in the initial *amicus* briefing provided to the court. *Amici* do not seek to repeat the arguments made in their original brief or at argument, but to provide additional background on the legislative history and intent of the FMLA enforcement mechanism in the context of comparable statutes in place at the time of enactment for the Court.

The FMLA was extensively debated and refined over seven years and five congresses - including two bills that passed congress and were vetoed by President Bush - before it passed and was signed into law by President Clinton in 1993. As a result, we have substantial documentation of the Congressional intent behind the enforcement mechanisms that may help the panel as it considers the instant case.

The Congressional record shows that the FMLA was consciously designed to mirror the enforcement provisions not of anti-discrimination statutes, but of the Fair Labor Standards Act. With that in mind, and "at the request . . . of the business community, who asked us not to set up some new enforcement mechanism, not change the rules, but to use existing standards, the Fair Labor Standards Act since 1938," FAMLV-LH 71-A, 1993 WL 13148794 (A.&P.L.H.), 51 (statement of Senator Dodd), Congress imported the enforcement procedures of the FLSA into the FMLA. Enforcement provisions of the FLSA similarly confine good faith defenses to liquidated damages calculations. *See* Portal to Portal Act, 29 U.S.C. §260.[1]

Concerns that the requirements outlined would prove too onerous for businesses to comply were resolved by limiting liability to only the largest employers and restricting qualifying health conditions under the Act – not by adding in good faith defenses to liability. *Amici* submit that additional legislative history

---

[1] FLSA allows good faith to operate as a total defense to liability only where it can be objectively shown that the employer relied reasonably on Department of Labor regulations, interpretations, or Wage-Hour Opinion letters.

information in a supplemental brief may assist the Court in distinguishing the provisions of the FMLA from anti-discrimination statutes.

For these reasons, *amici* respectfully request leave of court to file a supplemental brief on the legislative history of the FMLA.

Dated:  April 23, 2024

Respectfully submitted,

/s/ Erika Jacobsen White
*Counsel for Amici Curiae*

JASON SOLOMON
NATIONAL INSTITUTE FOR
WORKERS' RIGHTS
NATIONAL EMPLOYMENT
LAWYERS ASSOCIATION
1800 Sutter Street, #210
Concord, CA 94520
(415) 303-1000
jsolomon@niwr.org

ERIKA JACOBSEN WHITE
JOSEPH, GREENWALD
AND LAAKE, P.A.
6404 Ivy Lane
Suite 400
Greenbelt, MD 20770
(240) 553-1217
ewhite@jgllaw.com

## CERTIFICATE OF SERVICE

Counsel for *amici curiae* certifies that on April 23, 2024, I electronically filed the foregoing with the Clerk of Court of the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 23, 2024

/s/ Erika Jacobsen White

*Counsel for Amici Curiae*