UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-1360
(1:20-cv-01926-LKG)

_____

MICHAEL SHIPTON

    Plaintiff - Appellant

v.

BALTIMORE GAS AND ELECTRIC COMPANY; EXELON CORPORATION; EXELON BUSINESS SERVICES COMPANY, LLC; MICHAEL GROSSCUP; EDWARD WOLFORD; JEANNE STORCK; BINDU GROSS

    Defendants - Appellees

_____

## APPELLEES' OPPOSITION TO APPELLANT MICHAEL SHIPTON AND *AMICI CURIAE*'S MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING

_____

Appellees Baltimore Gas & Electric Company, Exelon Corporation, Exelon Business Services Company, LLC, Michael Grosscup, Jeanne Storck, Edward Woolford, and Bindu Gross respectfully request that the Court deny the requests of Appellant Michael Shipton and amici NIWR, NELA, and A Better Balance to submit supplemental briefing (Doc. Nos. 76 and 78).

## I. Introduction

Substantive briefing was completed in this case in November 2023 and oral argument was held on March 21, 2024.[1] Now more than a month later, both Shipton and amici seek permission from the Court to file supplemental briefing. Neither Shipton nor supporting amici's motions for leave to file supplemental briefing point to any pertinent or significant authorities that could not have been brought up until now. Instead, it is clear that both desire to address issues that could have – and should have – been raised in their briefs or at oral argument. Both Shipton and amici's proposed use of supplemental briefing is contradictory to the briefing procedure, rules of this Court, and the Federal Rules of Appellate Procedure. It should not be allowed.

## II. Legal Standard

Federal Rule of Appellate Procedure 28(j) states: "If ***pertinent and significant authorities come to a party's attention after the party's brief has been filed***—or after oral argument but before decision—a party may ***promptly*** advise the circuit clerk by letter, with a copy to all other parties, ***setting forth the citations***." (emphasis added.) *See also* Local Rule 28(e). This rule may not be used to bring up arguments that could have been raised previously or as a way to conduct a second round of

---

[1] Due to an issue with the Joint Appendix, the parties were required to submit corrected briefs, and did so in February 2024.

2

briefing. "When there are authorities to cite for a key proposition, the party asserting the proposition must cite them . . . and failure to do so forfeits reliance on the proposition." *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 439 (7th Cir. 2012) (citations omitted). Indeed, supplemental briefing cannot be used to "introduce new arguments that the party failed to raise in its brief." *Hernandez Lara v. Barr*, 962 F.3d 45, 52 n.10 (1st Cir. 2020) (citing *Ruskai v. Pistole*, 775 F.3d 61, 66-67 (1st Cir. 2014)); *Siddiqui v. Holder*, 670 F.3d 736, 749 n.6 (7th Cir. 2012); *Valdez v. Mercy Hosp.*, 961 F.2d 1401, 1404 (8th Cir. 1992) (explaining that the Court would not address a new issue that was raised in a "28(j)" letter that was filed more than a month after argument because the letter raised a new issue that could have been raised long before).

### III. Shipton's Motion for Leave to File a Supplemental Brief Should be Denied

Shipton requests permission to submit supplemental briefing on (1) whether the termination of employment may serve as the basis for a Family and Medical Leave Act ("FMLA") interference claim, and if so, what standard should apply when it does, and (2) an undefined "number of issues that were not addressed in the parties' briefs." Doc. No. 76 at 1-2. Neither is a permissible basis for supplemental briefing.

First, from the day Shipton first filed his original complaint in the district court, this case has been principally about the termination of Shipton's employment and has included both interference and retaliation claims under the FMLA. *See* Case

3

No. 1:20-cv-01926-LKG (D. Md.), Doc. No. 1; JA10-24. Shipton made his arguments on those issues in his opening brief and Appellees responded. *See* Doc. No. 71 at 44; Doc. No. 65 at 17-23. There is no reason why Shipton should be permitted to further brief whether his claim is viable and the standard that should apply after-the-fact.

Second, the request for supplemental briefing on an unspecified "number of issues" raised at oral argument fails to comply with Federal Rule of Appellate Procedure 28(j) and, if granted, would lead to second round of briefing. Neither Federal Rule of Appellate Procedure 28(j) nor Local Rule 28(e) allow for that.

Shipton should not be granted a second bite at the apple to address fundamental issues regarding the theory of his case that he could have addressed previously either in his opening brief or a reply brief, which he chose not to file. Other circuits routinely reject such requests. *Adams*, 702 F.3d at 439; *Hernandez Lara*, 962 F.3d at 52, n.10; *Siddiqui*, 670 F.3d at 749, n.6; *Valdez*, 961 F.2d at 1404. Consequently, Appellees respectfully request that the Court deny Shipton's motion.

**IV.   Amici's Motion for Leave to File a Supplemental Brief Should be Denied**

Amici seeks to file supplemental briefing "to provide additional background on the legislative history and intent of the FMLA enforcement mechanism" to assist the Court in distinguishing the provisions of the FMLA from other anti-discrimination statutes. Doc. No. 78 at 1. Similar to Shipton, amici already cite to

4

the legislative purpose of the FMLA in their brief, Doc. No. 33-1 at 4, and fail to explain why they should be allowed to supplement that argument now with further legislative history from 1993 that could have been raised in their initial brief. If amici believed it to be relevant, there is no reason that amici could not have included the legislative history of enforcement mechanisms in the FMLA – the statutory scheme at the heart of this case – in their brief. The Court should therefore decline to allow amici to submit such briefing now.

**V.     Conclusion**

This case has been pending for a significant period of time due, in large part, to delays by Shipton. Not only would Shipton's and amici's request result in further unnecessary briefing, it would also further delay this matter. Accordingly, Appellees respectfully request that the Court deny Shipton's and amici's motions for leave to file supplemental briefing. However, if the Court does allow Shipton and/or amici to file supplemental briefing, Appellees respectfully request that the Court identify the specific authorities or issues about which it seeks in the supplemental briefing, set reasonable limitations on the lengths of supplemental briefing, and permit Appellees an opportunity to file a response.

5

Respectfully submitted,

*/s/ Rebecca W. Lineberry*
Elena D. Marcuss
Adam T. Simons
Rebecca W. Lineberry
McGuireWoods LLP
500 East Pratt Street
Suite 1000
Baltimore, Maryland 21202
410-659-4400

Jonathan Y. Ellis
McGuireWoods LLP
501 Fayetteville Street
Suite 500
Raleigh, NC 27601
919-755-6688

Counsel for Appellees

## **CERTIFICATE OF COMPLIANCE**

      This motion complies with the type-volume limitation of Fed. R. App. P 27 because this response contains 1,006 words. This opposition complies with the type face requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this response was prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman Font.

Date: May 3, 2024                                    */s/ Rebecca W. Lineberry*
                                                                Rebecca W. Lineberry
                                                                Counsel for Appellees

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2024, I served a copy of the foregoing Appellees' Opposition to Appellant Michael Shipton and Amici Curiae's Motions for Leave to File Supplemental Briefing via the Court's CM/ECF system to:

Tonya Baña
4305 Saint Paul Street
Baltimore, Maryland 21218
tonya@tonyabana.com

*Counsel for Appellant*

Erika Jacobsen White
Joseph Greenwald & Laake, PA
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770-0000
ewhite@jgllaw.com

*Counsel for Amici*

I hereby certify that on May 3, 2024, I served a copy of the foregoing Appellees' Opposition to Appellant Michael Shipton and Amici Curiae's Motions for Leave to File Supplemental Briefing via First Class Mail to:

Carla Denette Brown, Esq.
Charlson Bredehoft Cohen Brown & Nadelhaft, PC
11260 Roger Bacon Drive, Suite 201
Reston, VA 20190-0000
cbrown@cbcblaw.com

Jason Solomon
National Institute for Workers' Rights
1800 Sutter Street, #210
Concord, CA 94520
jsolomon@niwr.org

*/s/ Rebecca W. Lineberry*
Rebecca W. Lineberry
